### No. 134

### STATE v. TUMEY

Ohio Appeals, 1st Dist., Hamilton Co.

Decided Dec. 6, 1925

681. JURISDICTION—Of mayors under Crabbe Act, defined with particularity and if the modus operandi offends, the remedy is with the people and not the courts.

865. OFFICE AND OFFICERS—Mayor not disqualified from discharging official duties because he received fees and costs of case.

BY THE COURT.

Tumey was convicted by the Mayor of College Hill of a violation of the Crabbe Act, to wit:—unlawful possession of intoxicating liquor. Error was prosecuted to the Hamilton Common Pleas which reversed the mayor's

## STATE COURT OF APPEALS—Continued

judgment and discharged Tumey denying jurisdiction of the mayor to hear the case on the ground that he was financially interested, in that he received costs in the action.

Error was prosecuted by the State to the Court of Appeals, which held:

1. The mayor's jurisdiction is defined by the statutes of Ohio and cannot be limited or qualified by a reviewing court on the theory that the law is against natural justice and leads to oppression in the judicial administration of the office.

2. To hold that the mayor is without jurisdiction in a certain class of cases for the reason that the law giving jurisdiction is objectionable, is an invasion by the judicial of the legislative branch of our government.

3. If Tumey did not receive a fair trial, that question is reviewable by a reviewing court, and if the record is justified, a new trial would be ordered.

4. In answer to the argument that Tumey's constitutional rights were invaded by the mayor receiving costs of the case, thereby preventing a fair and impartial trial, it is stated in Probasco, Exc. v. Raine, 50 OS. 378 that "A justice of the peace acts judicially and is paid therefore by fees collected from litigants before him, and while his mind may be biased in particular cases, it cannot be claimed that he is thereby disqualified from discharging his judicial duties. A judge who is a large taxpayer, in his county or city is not thereby disqualified from sitting in judgment in cases against his county or city."

5. This authority is sufficient to show that a mayor is not disqualified from discharging his official duties because of the fact that he received fees and costs in the case.

6. If the mayor sitting as judge is guilty of corruption or oppression in office, the law provides a remedy; and the decision of the Common Pleas was without authority of law.

Judgment reversed; that of mayor affirmed.

Attorneys—Allen C. Roudebush and Murphy & Joseph for State; Harry H. Shafer and Edward P. Moulinier for Tumey; all of Cincinnati.